

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00366-CV

———————————————

2006 HONDA, Appellant

V.

THE STATE OF TEXAS, Appellee

———————————————

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. S-16329

———————————————

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Pro se Appellant Samuel Foster appeals the trial court's no-answer "Interlocutory Default Judgment" arising out of a Chapter 59 asset-forfeiture proceeding. *See* Tex. Code Crim. Proc. art. 59.05. Because we lack jurisdiction over this appeal, we dismiss it for want of jurisdiction.

**Background**

On April 29, 2026, in conformity with Article 59.04 of the Texas Code of Criminal Procedure, the State filed its "Notice of Seizure and Intended Forfeiture" alleging that Foster, Antonio Kernodle, and Help Me Ride Inc. "may be owners or interest holders in" a particular 2006 Honda motorcycle and its contents. *See id.* art. 59.04. According to a return of service filed-marked May 13, 2026, Foster was personally served with citation on May 8, 2026. Thus, his answer was due by 10:00 a.m. on June 1. *See* Tex. R. Civ. P. 99(b). Foster did not file an answer or otherwise appear by that date.

The next day, the trial court considered the State's notice and signed an "Interlocutory Default Judgment." The trial court took judicial notice of the State's notice and the sworn statement of the seizing officer and determined that the State had "produced evidence sufficient to show the [2006 Honda and its contents] is subject to forfeiture under . . . Chapter 59." The trial court ordered that Foster's interest in that property be forfeited to the State and further ordered "that any property that is held as evidence in any pending civil forfeiture or criminal case and

ordered distributed in this judgment[] shall not be distributed until such criminal or civil forfeiture case is final and/or the evidence hold removed." After taxing costs against Foster, the interlocutory default judgment stated, "You may appeal this judgment by filing a bond, making a cash deposit or filing a Statement of Inability to Afford Payment of Court Costs within 21 days after this judgment was signed. See Texas Rule of Civil Procedure 506."[1] The day after the trial court signed the interlocutory default judgment, Foster appealed.

## Discussion

"Although forfeiture proceedings are governed by [C]hapter 59 of the code of criminal procedure, they are civil in nature." *Real Prop. & all Improvements Located at 2900 Cove, Wichita Falls, Wichita Cnty. v. State*, No. 2-07-149-CV, 2007 WL 2331014, at *1 (Tex. App.—Fort Worth Aug. 16, 2007, no pet.); *see State v. One (1) 2004 Lincoln Navigator*, 494 S.W.3d 690, 693 (Tex. 2016). "Accordingly, the Rules of Civil Procedure apply to forfeiture proceedings," *State v. $71,404.00 U.S. Currency*, 593 S.W.3d 441, 443 (Tex. App.—Austin 2019, pet. denied), as do other rules governing civil cases, *see* Tex. Code Crim. Proc. art. 59.05(a) ("All parties must comply with the rules of pleading as required in civil suits."), (b) ("All cases under this chapter

---

[1]It is unclear to us why the interlocutory default judgment included this language. Texas Rule of Civil Procedure 506 pertains to appeals from justice court judgments to county courts, *see* Tex. R. Civ. P. 506, and not to an appeal arising out of a Chapter 59 proceeding that is filed "with the clerk of the district court," *see* Tex. Code Crim. Proc. art. 59.04(b).

3

shall proceed to trial in the same manner as in other civil cases."). This also includes the default judgment rules, *$1,411.26 US Currency v. State*, No. 03-22-00011-CV, 2023 WL 4828401, at *2 (Tex. App.—Austin July 28, 2023, no pet.); *In re One Man's Rolex Watch Yellow Gold*, 223 S.W.3d 451, 452 (Tex. App.—Amarillo 2006, no pet.); *$429.30 In U.S. Currency v. State*, 896 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1995, no writ); *see also* Tex. R. Civ. P. 239, and the rules applicable to the finality of judgments, *State v. Taylor*, No. 04-15-00632-CV, 2016 WL 3342121, at *1 (Tex. App.—San Antonio June 15, 2016, no pet.); *Perkins v. State*, No. 07-09-0107-CV, 2009 WL 4642229, at *2 (Tex. App.—Amarillo Dec. 8, 2009, no pet.); *see also* Tex. R. Civ. P. 301.

In recent years, "the Texas Supreme Court has demonstrated growing hostility toward no-answer default judgments . . . and described them as 'greatly disfavor[ed]' and barely tolerable."[2] *Wise Acquisitions, LLC v. Llano Ridge Holdings, LLC*, No. 02-25-00672-CV, 2026 WL 1993059, at *3 n.7 (Tex. App.—Fort Worth July 9, 2026, no pet. h.) (first citing *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 920–21 (Tex. 2024); then citing *Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 702–03 (Tex. 2026) (Blacklock, C.J., concurring with four other justices); and then citing *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 190–91 (Tex.

---

[2]We note that in forfeiture cases involving motor vehicles, the legislature has expressly provided for certain circumstances in which a "[trial] court shall enter a judgment by default as to the owner or interest holder," *see* Tex. Code Crim. Proc. art. 59.04(c), but that provision is not at issue in this appeal.

2022)); *see also Huffman Asset Mgmt., LLC v. Colter*, No. 24-0205, 2026 WL 1500963, at *6 (Tex. May 29, 2026) (Huddle, J., concurring).

In particular, in *Lakeside Resort*, the Texas Supreme Court analyzed "whether a purportedly 'Final Default Judgment' [wa]s final for purposes of appeal despite expressly describing itself as 'not appealable.'" 689 S.W.3d at 918. Examining the "intersection of [the court's] default-judgment jurisprudence and [its] finality jurisprudence," the court stated that default judgments "lack the presumption of finality" and "bear the disfavor described above because of the utter absence of the losing party." *Id.* at 922.

Further, the court stated that "finality is lacking without regard to other considerations if the judgment contains language that affirmatively undermines or contradicts finality." *Id.* "[W]hen a court finds an affirmative indication of nonfinality on the face of a default judgment, that judgment cannot be final; it affirmatively undermines or contradicts any intent to constitute a final judgment." *Id.* Thus, in *Lakeside Resort*, the "default judgment claiming to be 'not appealable'" was not final. *Id.* at 925.

Here, the trial court's order states that it is an interlocutory default judgment—facially indicating nonfinality. *See id.* Moreover, "Chapter 59 contains no provision authorizing an appeal from an interlocutory order of this nature." *Perkins*, 2009 WL 4642229, at *2; *see also* Tex. Civ. Prac. & Rem. Code § 51.014(a) (identifying certain appealable interlocutory orders).

5

We called this issue to Foster's and the State's attention, and we allowed them ten days to show grounds for continuing this appeal. *See* Tex. R. App. P. 44.3. Foster responded. But instead of addressing jurisdiction, he asked this court to overturn the interlocutory default judgment. Without jurisdiction, we cannot and do not pass on the merits of the trial court's decision. The State filed no response suggesting that we have jurisdiction over the interlocutory default judgment.

## Conclusion

Accordingly, because the interlocutory default judgment is not final or otherwise appealable, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Perkins*, 2009 WL 4642229, at *2.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  August 6, 2026

6